# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: W. R. GRACE & CO., et al. | : : : : | Chapter 11<br>Case No. 01-01139 (AMC)<br>(Jointly Administered) |
| _____ | : : | |
| CONTINENTAL CASUALTY COMPANY, et al., | : : : | |
| Appellants, | : : | |
| v. | : : | C. A. No. 19-1871-LPS<br>Adv. Pro. No. 15-50766 (AMC) |
| JEREMY B. CARR, et al., | : : | |
| Appellees. | : | |

## **RECOMMENDATION**

At Wilmington this **30th** day of **October, 2019**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The present appeal is from a Bankruptcy Court decision which denied CNA's (appellant) motion for summary judgment and granted the Montana Claimants'

(appellees) cross-motion for summary judgment.  The issue on appeal is whether the Montana Claimants may proceed in state court with tort claims against CNA related to asbestos exposure, which will potentially impact hundreds of other plaintiffs.  CNA asserts that the claims are barred by the Asbestos PI Channeling Injunction contained in W.R. Grace Chapter 11 plan, while the Montana Claimants, as was held in the court below, assert that their claims are not barred.  Because settlement cannot be achieved absent a final appellate decision which addresses the scope of the Asbestos PI Channeling Injunction, mediation is presently not worthwhile.

In addition, CNA and the Montana Claimants agreed in 2012 to mediate their claims at an appropriate time before an agreed upon mediator, Professor Francis McGovern, who is knowledgeable regarding the history and issues, further supporting removal of this matter from mandatory mediation in this Court.

The Parties plan to certify a direct appeal to the Third Circuit pursuant to 11 U.S.C. § 158(d)(2) and Rule 8006 of the FED. R. BANKR. P.  Thereafter, the Parties will promptly request from the Third Circuit a grant of direct appeal.  When direct appeal is certified by all parties, no action is required of this Court or the Bankruptcy Court pursuant to FED. R. BANKR. P. 8006(c) and (g).  The Third Circuit previously granted certification for direct appeal to the Parties when previously requested on other issue(s). *See In re W.R. Grace & Co.,* 900 F.3d 126 (3rd Cir. 2018).

In light of the above, the Parties submit that entering a briefing schedule at this time is premature, and request the Court to stay such entry unless and until the Third Circuit declines to authorize a direct appeal per the Parties' joint certification request.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a)

Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and that the Parties request for a stay of briefing be granted.

IT IS FURTHER RECOMMENDED that counsel for the Parties advise The Honorable Leonard P. Stark within five (5) days after the Third Circuit renders a decision on the Parties' joint request for certification of a direct appeal.

Since this Recommendation is consistent with the Parties' joint statement regarding mandatory mediation and a briefing schedule, no objections pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 are anticipated.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge